## Smith *v.* Chappell, Appellant.

*Landlord and tenant—Waste—Estrepement—Act of March 29, 1822, 7 Sm. L. 520.*

A writ of estrepement, like a writ of injunction, may be issued by a court of common pleas or any judge thereof, and may be dissolved or continued as the case may seem to require, and the exercise of judicial discretion involved is subject to review by the appellate court.

A tenant is bound not only to commit no waste but to make fair and tenantable repairs, necessary to prevent waste and decay of the premises; and there is an implied duty to use the premises in an ordinary and proper manner; but while a tenant is not bound to make substantial and lasting repairs he must treat the demised premises in such a manner that no injury will be done to the inheritance.

On a motion to dissolve a writ of estrepement, it appeared that the lease was silent on the question of alterations to the demised premises, but it was express in holding the tenant to " keep the premises in good repair at all times during the term." The evidence showed an intention of the tenant to make changes which would result in the impairment and weakening of a foundation cellar wall, necessary as a main support of the building and the removal of permanent partitions which would lessen the support of the ceiling above, and alter the room in size and form. *Held,* that there was no error in refusing to dissolve the writ.

Argued Jan. 20, 1904. Appeal, No. 77, Jan. T., 1904, from order of C. P. Lackawanna Co., Nov. T., 1903, No. 279, discharging rule to dissolve writ of estrepement in case of Maria Smith v. Stephen Chappell. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule to dissolve writ of estrepement.

NEWCOMB, J., found the facts to be as follows:

1. The tenancy was created by lease in writing with the covenants usual in this locality, dated May 1, 1901, for the term of one year beginning on that date with the privilege of renewal at the option of the lessee "yearly for ten years." The premises described therein is a " double store building in the borough of Dickson city," etc.

2. The building has three stories and is fifty by seventy feet in size, having a cellar divided in the center by a wall of solid masonry, which forms part of the foundation. The defendant upon making the lease went into possession of the first story comprising the " double store " together with one of the cellars. Sometime afterward he occupied the other cellar, but apparently not to the entire exclusion of the plaintiff who has at all times retained possession of the second and third stories of the building. It would seem therefore that by the term " double store building," as used in the lease, the parties meant the store proper together with one or both cellars, but not the two upper stories where the plaintiff has continued to live with her family.

3. Claiming that the stores could not be well heated with stoves, the defendant was about to put in a furnace when this writ was issued. To install the furnace it would be necessary and it was therefore his purpose to cut two holes through the partition wall in the cellar to carry hot air pipes ; another hole in the chimney near the bottom where it extends into the cellar to connect the furnace with the chimney ; and four holes through the floor for registers. The holes through the wall would have to be large enough to receive iron cylinders having an external diameter of eighteen inches ; that in the chimney large enough to admit an eight-inch pipe ; of those in the floor one would be twelve by fourteen and the other fourteen by eighteen in-

ches. The proposed openings in the floor involve no joists or other timbers, but are confined to the floor boards which consist of narrow flooring tongued and grooved. The openings in the wall would weaken it to some extent, but it would still be strong enough to support the present structure.

[There is evidence to warrant the finding, if the fact were material, that upon the expiration of the term and the removal of the furnace the masonry could be restored and the flooring replaced, leaving the building practically as good as ever at a cost of $15.00 to $20.00. The defendant offers, accordingly, to furnish a bond to indemnify the plaintiff against any injury or damage she may sustain by reason of the proposed cutting for the furnace. Regarded as a proposition for an amicable settlement of the controversy this seems, under the circumstances, a fair and reasonable offer, and one which the plaintiff could with much propriety entertain, but we are unable to see how we can consider it as an element entering into the judicial determination of the issue before us, without assuming to reform the lease. By that instrument their respective rights are defined. If the changes designed to be made by the tenant are not waste, he is entitled to have the writ dissolved. If they do constitute waste, we cannot compel the owner to submit to it by providing for indemnity against the damages that she may sustain, or security for the cost of restoration.] [2]

It is not a case where title is in dispute and the right of property remains to be settled by action, incidentally, to which the writ has been issued " as means of preserving property that is in litigation from spoil and injury until the rights in relation to it can be settled," as was said in Byrne v. Boyle et al., 37 Pa. 260. The right of property is settled by the lease. It is not claimed that by any of the written terms of that paper the tenant has the right to make alterations in the building or the part demised to him. The only question is whether the acts threatened amount to waste. There is no dispute about the general statement of the law where a building is concerned. " The proper test seems to be, does the act essentially injure the inheritance as it will come to the reversioner; and this is a question of fact:" 1 Wash. Real Prop. 153. The difficulty is only in its application. [If the proposed change is material and substantial where in an action against the tenant for the

injury more than nominal damages could be recovered, it is virtually conceded in this case that the cost of restoration would be enough to amount to substantial damages. That the alterations proposed would be material seems clear. The opening to be made in the floor certainly destroy its integrity to some extent. It must be viewed as it would be when the cutting is complete. We cannot determine the question by reference to what repairs might be made at the end of the term. It may become impossible for the tenant to repair the injury. We cannot overlook the fact that the openings in the wall will weaken it, even though not enough to impair its sufficiency to support the present building. The owner is entitled to have all the support afforded by the wall as she built it. She may at some time choose to put up a heavier building or put the present one to some use requiring the full strength of the foundation. If we say these changes are not material and substantial, to what extent they may be carried before they become so? Where shall the line be drawn? To say that the owner must submit against her will to the perforation of the foundation wall and the cutting of the floors of the building, leaving only the right to resort to an action for damages, would seem to be a denial of the right to have dominion over private property; a right that she cannot be compelled to surrender except to the state or those clothed with some part of the state's sovereignty.

We think the writ was properly issued, and under our conclusions as to the undisputed facts, the plaintiff is entitled to have it maintained. The rule to dissolve the writ is therefore discharged.] [3]

*Errors assigned* were (1) in discharging the rule; (2, 3) portions of opinion as above, quoting them.

*A. A. Vosburg*, with him *Charles W. Dawson*, for appellant. —The writ of estrepement issued in this case was based on the Act of March 29, 1822, 7 Smith's Laws, 528. It is in the nature of an injunction, and the proceedings are analogous to cases of that character. In fact, an injunction is made a concurrent remedy: Smith's App., 69 Pa. 474; Jones v. Whitehead, 1 Parson's Select Eq. Cases, 304.

Where it does not appear that irreparable injury will result, should the parties be left to their remedy at law, equity will not interfere to restrain acts in the nature of waste : Clark's App., 62 Pa. 447 ; Graver v. Otto, 23 Pa. C. C. Rep. 227.

It was never intended to take away the common-law right of trial by jury where a wrong by a party could be redressed by it : Clark's App., 62 Pa. 447 ; Grey v. Ohio & Penna. R. R. Co., 1 Grant, 412.

A material and permanent change in the character of the building, and the use to which it might be put, will not be permitted, yet any slight and immaterial change, as the cutting of a door, or the opening of two rooms into one, will be permissible whenever it is possible for the premises to be restored to their original condition, at the end of the term : Tiedeman on Real Property, 62 ; Brown v. Dinsmoor, 3 H. H. 103.

To justify the action of waste, the waste must not be for a trifling amount : Coke upon Littleton, 54 ; Jackson and Gross on Landlord and Tenant, page 90 ; King v. Fitch, Croke (Car.) 414 ; Sayers v. Hoskinson, 110 Pa. 473 ; Hasty v. Wheeler, 12 Maine, 434 ; Webster v. Webster, 33 N. H. 18 ; Heil v. Strong, 44 Pa. 264 ; Dickinson v. Nicholson, 2 Yeates, 281.

There can be no doubt but that the court has power to dissolve writ of estrepement upon conditions : Hensal v. Wright, 10 Pa. C. C. Rep. 416.

For further authority for the proposition that slight changes in the building demised, where it can be restored to its original condition at the end of the term at small expense, do not constitute waste, we cite : Winship v. Pitts, 3 Paige, 259 ; Jackson v. Tibbits, 3 Wend. 341 ; Beers v. St. John, 16 Conn. 322.

*George D. Taylor*, for appellee.—Waste is spoil or destruction committed in houses or other corporeal hereditaments, to the injury of one who has the remainder or reversion in fee : Taylor's Landlord & Tenant, sec. 345 ; McCullough v. Irvine's Executors, 13 Pa. 438.

Whether particular acts complained of constitute waste is an inquiry of fact, and is to be found by the tribunal having jurisdiction of the trial of the facts. If the trial be by jury, then under proper instruction as to what constitutes a legal definition of waste. If by the court, then in the same way

that any other fact is to be properly found by the court : Mc-
Cullough v. Irvine's Executors, 13 Pa. 438 ; Smyth v. Carter,
18 Beav. 78.

The tenant has no right to pull down valuable buildings, or
to make improvements or alterations which will materially and
permanently change the nature of the property, so as to render
it impossible for him to restore the same premises substantially
at the expiration of the term : Winship v. Pitts, 3 Paige (N.
Y.), 259 ; Wotton v. Wise, 47 N. Y. Super. Ct. 515 ; Taylor's
Landlord & Tenant, sec. 348 ; Brock v. Dole, 66 Wis. 142 (28
N. W. Repr. 334).

OPINION BY SMITH, J., April 18, 1904 :

This action, between landlord and tenant, was begun by a
writ of estrepement to prevent waste of the demised premises.
It is an ancient common-law writ still in force in this state,
under the common law and our acts of assembly, and is a
proper remedy to stay or prevent present or threatened waste.
Like an injunction, it may be issued by a court of common
pleas or any law judge thereof, and may be dissolved or con-
tinued as the case may seem to require.   It does not issue of
course, but must be founded on an affidavit setting forth the
character of the waste complained of, and the court or judge
" may hear the parties in a summary manner, and may dissolve
the writ or make such further order therein as may seem just
and right."   As in proceedings in equity, an application for
the writ may be made to the court or judge in the first instance,
and the order granting it may in like manner be subsequently
continued or dissolved.   As in other matters involving judicial
discretion, the decision is subject to review by the appellate
court.

In the case before us, the writ of estrepement was regularly
issued and served upon the defendant in this case, whereupon
he applied for a rule to show cause why the writ should not
be dissolved.   At the hearing, on a motion to dissolve the writ,
the defendant offered to furnish a bond to indemnify the plain-
tiff against damage that might be sustained by reason of the
alterations complained of ; but this the learned judge refused,
on the ground that the rights of the parties were defined by
the lease and could not be modified by this offer, saying :

" The only question is whether the acts threatened amount to waste."

The principal question before the judge was whether the alterations made and threatened by the defendant were material and substantial, and of such a character as to be an injury to the freehold, or were of such a nominal or trivial charter as tenants are permitted to make in the ordinary occupancy and use of the property, as contemplated by the lease under which the premises were demised.   This was a question of fact, under the evidence, for the decision of the judge who heard the case. The lease is silent on the question of alterations to the demised premises, but it is express in holding the tenant to " keep the premises in good repair at all times during the term."   In the absence of this express covenant " the law implies a covenant on the part of the lessee so to treat the demised premises that they may revert to the lessor unimpaired except by usual wear and tear, and uninjured by any wilful or negligent act of the lessee : " Earle v. Arbogast, 180 Pa. 409.   A tenant is bound not only to commit no waste but to make fair and tenantable repairs, necessary to prevent waste and decay of the premises ; and there is an implied duty to use the premises in an ordinary and proper manner : Long v. Fitzimmons, 1 W. & S. 530. But while a tenant is not bound to make substantial and lasting repairs he must treat the demised premises in such a manner that no injury will be done to the inheritance.

The question here is not of permissive waste but of active voluntary waste.   Blackstone says : " Whatever does a lasting damage to the freehold, or inheritance, is waste.   Therefore removing wainscot, floors, or anything once fixed to the freehold of a house, is waste."   The learned judge has by his decision found the existence of waste within the meaning of the law. The testimony indicated the impairment and weakening of a foundation cellar wall, necessary as a main support of the building ; and the removal of permanent partitions, which lessened the support of the ceiling above and altered the rooms in size and form.   This is a substantial act of waste, and cannot be regarded as merely trivial in character.   If these material alterations were contemplated by the parties, provision should have been made for them in the lease.   The right to a return of the property in the same condition, substantially, as when

the lease was executed, subject to ordinary wear and tear by use, remained in the landlord ; the right to use it only (not alter it in form or structure, or weaken any of its supports), was for a term given to the tenant. And as the lease is the contract of the parties, both are bound by its terms, and the trial judge correctly determined their rights in accordance with its provisions.

In this case, both the lease and the law plainly define the rights of the parties. By neither is the tenant permitted to commit waste. As we have said, whether waste was committed in this case was a question of fact to be decided by the judge who heard it in the first instance. The decision was on the evidence presented by both parties, without objection to the method adopted for its determination ; and as no error appears in the proceeding, we affirm it.

The order discharging the rule is affirmed at the costs of the appellant.